OPINION
This appeal is from an order of the domestic relations division of the court of common pleas that modified a prior spousal support order entered in a decree of dissolution.
The marriage of the parties was terminated in 1994. The husband, James P. Conde, was ordered to pay the wife, Rhonda L. Conde, spousal support in the amount of $2,000 per month. The separation agreement approved by the court contains a provision specifically authorizing the court to modify spousal support pursuant to R.C. 3105.18. The separation further provided, inter alia:
 "10. Debts. Husband shall, as additional spousal support to Wife, pay all debts, obligations and charges incurred by the parties, severally or jointly, prior to the execution of this Agreement, and defend and hold Wife harmless thereon. This includes any expenses yet due to be paid to Attorney DAVID KOPECH, or his firm, RISHEL, MYERS KOPECH, for expenses related to the Federal litigation referred to herein."
James[1] and Rhonda had three minor children when their marriage was terminated in 1994. Their separation agreement further provides:
 5. Medical Insurance and Expenses. The parties, and all three minor children, have medical conditions that make them medically uninsurable. The Petitioner father is a physician, and has heretofore provided medical care. The Petitioner father hereby agrees to continue to provide medical care, either by his own efforts, insofar as he is able to do so, and/or by paying all necessary medical expenses for the minor children."
On April 22, 1999, Rhonda filed a motion alleging that James was in contempt for failure to pay certain child support expenses and debts which he had agreed to pay.
Rhonda also asked the court for an increase in her monthly spousal support because James' income had increased substantially. Except for an issue not involved here, Rhonda's motion and requests for relief were all decided in her favor by a magistrate. James filed objections. The trial court overruled his objections and adopted the magistrate's decision. James filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING AN INCREASE IN SPOUSAL SUPPORT, WHEN APPELLEE FAILED TO ESTABLISH A CHANGE OF CIRCUMSTANCES.
If a continuing order for spousal support is entered in a decree of dissolution after January 1, 1991, the domestic relations court lacks jurisdiction to thereafter modify the amount or terms of spousal support ordered unless (1) the decree or the separation agreement it incorporates contains a provision specifically authorizing modification and (2) "the court determines that the circumstances of either party have changed." R.C. 3105.18(E)(2). That same section further provides, at division (F):
 For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.
Though R.C. 3105.18(E) imposes no express test concerning what degree of change is sufficient, this court has held that the change must be "substantial and not one contemplated at the time of the prior order." Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706. We have also held that "the change must be actual, material to the issues of need or ability to pay, and of sufficient duration to warrant a change. Mere trifling or temporary changes do not warrant modification." Smedley v. Smedley (Sept. 27, 1995), Montgomery App. No. 15017, unreported, at p. 2.
The magistrate noted that in 1994, when the marriage was dissolved, James' annual income was $150,000, and that his income for the most recent year, 1999, was $182,000. Implicit in those findings and the increase of support the magistrate ordered is a further finding that the increase in James' income of $32,000 per year, which is approximately 21% of his 1994 income, is a change of circumstances sufficient for purposes of R.C. 3105.18(F). The magistrate ordered an increase in James's monthly spousal support obligation from $2,000 to $2,400, an increase of 20%. We see no error in the magistrate's finding that a sufficient change of circumstances was shown to then permit the court to consider Rhonda's request for an increase in support.
The issue that this assignment of error raises, whether a sufficient change of circumstances exists, was not presented in the objections to the magistrate's decision that James filed on November 6, 2000, and it is only mentioned in passing, without any supporting argument, in the Supplemental Objections that James filed on March 22, 2001. Instead, James argued, as he does here, that Rhonda failed to demonstrate any need for an increase in spousal support.
The magistrate found that Rhonda has a need for increased support to pay debts she's incurred since the divorce. James argues that Rhonda ought to meet that need from her own income instead of from an increase in his spousal support obligation.
Rhonda is trained as a licensed practical nurse. She was employed in James' medical practice during their marriage. In 1984, Rhonda and the other family members were exposed to a toxic chemical. James subsequently diagnosed Rhonda as suffering from immune deficiency resulting in chronic fatigue syndrome, Epstein-Barr and bone marrow suppression. Rhonda was not employed outside the home when the parties were divorced in 1994.
Rhonda now works in her sister's business, which engages in sales in the home. Rhonda's hours are the equivalent of a full-time position, but her income from her work is only in the range of $5,000 to $6,000 annually. James asked the magistrate to impute a greater income to Rhonda that she might earn as an LPN working full time, at a rate of between $12 and $20 per hour. Annually, and on an average of the two rates, that would yield Rhonda an annual income of $33,280.
The magistrate found that Rhonda is able to work full time. However, the magistrate refused to impute the income that Rhonda might earn as an LPN, stating: "Because of her medical condition, (Rhonda) cannot safely work in the medical field." (Decision, p. 7). Instead, the magistrate imputed an income of $6.50 per hour, a rate available to Rhonda in retail sales. On an annual basis, that would yield an income of $13,250.
Rhonda is forty-seven years of age. She was licensed in 1974, in Missouri, as an LPN. She is not licensed in Ohio, and has not worked as an LPN for many years. She testified that she is unable to work in the medical field because of her immune deficiency problem. Rhonda also offered a letter that James wrote in about 1990 concerning his diagnosis of her problem. James objected to the evidence, but his objections were overruled.2 2The letter is not a part of the record on appeal. Therefore, we necessarily rely on the representations of the parties concerning it.
Rhonda is not competent to offer an opinion concerning the immune deficiency from which she suffers. As a physician, James is competent, but a letter he wrote in 1990, which was for purposes of other litigation, is remote in time from the current proceedings. The evidence of her health condition that Rhonda offered has little probative value in showing her ability to earn a greater income currently, which is relevant to her need for more support and a factor the court is required to consider. See R.C. 3105.18(C)(1)(a) and (b). Therefore, the magistrate's finding that Rhonda cannot safely work in the field of health care lacks an evidentiary basis. The same is true of the trial court's finding that the letter James wrote in 1990 now "supports a finding that (Rhonda) is unable to work in her chosen profession." (Decision and Judgment, p. 5).
Nevertheless, we believe that the issue of whether Rhonda's health prevents her from working as an LPN is something of a red herring. It is undisputed that Rhonda hasn't worked as an LPN for many years and that she is not licensed in Ohio. Rhonda's most recent employment before she went to work in her sister's business was in retail sales, where she earned $6.50 per hour. The magistrate imputed an income to Rhonda based on her full-time employment at that rate, and found that even then her needs exceeded her income. The magistrate ordered an increase in support at the rate of $400 per month to help Rhonda meet her needs. When it overruled James' objection, the trial court found "that there were sufficient facts presented to the magistrate to support the modification of spousal support." (Decision and Judgment, p. 4). Those facts presumably included the income that the magistrate imputed to Rhonda and the basis for it. We find no error or abuse of discretion in that respect.
Finally, James argues that an increase in his income could have been anticipated, so it is not a change of circumstances. We do not agree. To be anticipated, the change must involve a particular set of facts which, at the time of the decree, the parties expected would occur. A mere potential of change applicable to all human affairs is too general to satisfy that standard.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW BY ORDERING JAMES CONDE, THE GRANDFATHER, TO PAY THE BIRTHING EXPENSES OF KIM CONDE AND JOSH INMAN'S CHILD.
The parties' daughter, Kim, gave birth to a child in January, 2000. She was then eighteen years of age. She was also then enrolled in high school and didn't graduate until the following June.
Kim was unmarried when she gave birth. The putative father has not paid the birth expenses. Upon Rhonda's motion, the court ordered James to pay the birth expenses as a part of his agreement to provide medical care for "and/or by paying all necessary medical expenses for the minor children."
Though Kim was eighteen years of age when she gave birth, she was then enrolled in her last year of high school. Therefore, James' duty of support with respect to Kim's medical expenses continued past her eighteenth birthday and was in effect when she gave birth. R.C. 3103.03(B). James argues that, nevertheless, the legal responsibility for birth expenses is one imposed by law on the child's father, not on him as the grandfather.
The grandparents of an infant born to a minor child to whom the parents owe a duty of support may be responsible for the support of their grandchild in certain circumstances. See R.C. 3109.19. Further, the minors who are parents are liable for the infant's needs pursuant to their general duty of support. Neither principle relieves James of his particular duty in this instance, however, because the duty was imposed specifically by the decree of dissolution and the separation agreement incorporated into it. The duty is for the benefit of his daughter, Kim, and is not avoided because other avenues are available for the element of support concerned.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY MODIFYING THE FINAL DECREE AND JUDGMENT OF DISSOLUTION WITH REGARD TO THE PARTIES MEDICAL EXPENSES.
James agreed to "continue to provide medical care, either by his own efforts, insofar as he is able to do so, and/or by paying for all necessary medical expenses for the minor children." As was discussed above, the court required James to pay for his daughter Kim's birth expenses. He was likewise required to pay for other uninsured medical expenses incurred by Kim and by another daughter, Autumn.
James was not consulted concerning some of the medical services for his daughters, and he argues that he should therefore not be required to pay for them. He states that he could have provided some and that free service from other providers was available to him as a "professional courtesy." The magistrate rejected the arguments on a finding that James' relocation to Marietta, Ohio, which is approximately one hundred sixty miles or two and one half hours distant from Dayton, where the daughters reside, makes his preferred treatment of them impracticable. The trial court overruled James' objections to that finding.
Neither the trial court nor its magistrate modified the decree of dissolution. Rather, each construed its terms in relation to the medical expenses involved and James' duty to pay them. That determination was committed to the court's sound discretion, and will not be reversed absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
It appears that some of the health care needs of the parties' daughters was uninsurable. In view of the higher out-of-pocket expenses resulting, and the availability of free medical care for them as a professional courtesy, some prior consultation with James would have been reasonable before expenses were incurred. However, that is not required by the separation agreement or decree. Neither does it require the parties' children to travel the distance to Marietta from Dayton to obtain some of those services from James. Therefore, we cannot find that the trial court abused its discretion when it required James to pay for the medical services concerned.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY ALTERING THE LANGUAGE OF THE FINAL DECREE AND JUDGMENT OF DISSOLUTION WITH REGARD TO THE SPOUSAL SUPPORT.
In addition to his monthly spousal support payment, James agreed "as additional spousal support to Wife, (to) pay all debts, obligations and charges incurred by the parties, severally or jointly, prior to the execution of this Agreement, and defend and hold wife harmless thereon." Relying on this provision, James deducted as "spousal support" from his Federal Income Tax Returns for the years 1995-1997 not only the $72,000 he paid Rhonda in monthly spousal support but also an additional $124,255 he paid in marital debts. The IRS disallowed all but $7,000 of that amount, which involved a loan on an automobile for Rhonda. The IRS also assessed additional taxes and interest, for which Rhonda may be obligated to pay the IRS $3,469.
Rhonda asked the court to require James to reimburse her the amount she is required to pay the IRS. The magistrate so ordered, in the process explaining that spousal support is distinguishable because it is not dischargeable in bankruptcy proceedings as marital debts are after divorce. James objected that the decree and separation agreement said nothing about bankruptcy. The trial court overruled the objection.
James complains that the trial court altered the language of the decree by holding that his obligation to pay marital debts is not "spousal support" when the separation agreement states that it is. That misses the point, however. With respect to Federal income taxes, the rulings of the IRS are conclusive. It matters not for those purposes what the domestic relations court says, and even less what the parties said in their separation agreement. For that reason, there is no relief that the court could offer him in that regard. The magistrate's bankruptcy distinction was only an attempt to distinguish true spousal support, not an effort to adjust or modify the decree. James' real complaint here is with his tax preparer, who became too clever by half.
The trial court neither "altered" the decree nor abused its discretion when it ordered James to reimburse Rhonda for the assessment imposed on her by the IRS as a result of James' filings. He was obligated by the separation agreement to hold her harmless on such obligations, and that's what the court ordered.
The fourth assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
WOLFF, P.J. and BROGAN, J., concur.
[1] For purposes of clarity and convenience, the parties will be identified by their first names.